Filed 3:30

RECEIVED
CLERK U.S. DISTRICT COURT
SEP - 5 2012
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LXS 2006-16N,<br><br>                Plaintiff,<br><br>       v.<br><br>EDGAR WINSLOW, SR., et al.,<br><br>                Defendants. | Case No. CV 12-7163 UA<br><br>(PROPOSED)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

    The Court will remand this unlawful detainer action to state court summarily because it was improperly removed.

    On August 20, 2012, Artellia F. Johnson ("Johnson") lodged a Notice of Removal which seeks removal to this Court of what appears to be a routine post-foreclosure unlawful detainer action filed in California state court ("State Complaint" or "State Action"), and also presented an application to proceed *in forma pauperis*.[1] The Court has denied the latter application under separate

---

[1] Although the Notice of Removal purports to be filed on behalf of "Defendants[] Edgar Winslow, Sr., Sheila Winslow, and Artellia F. Johnson," it is signed by only Johnson. The State Complaint does not expressly name Johnson as a defendant, but the single page of the State
(continued...)

1

cover because the State Action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff could not have brought this action in federal court in the first place, in that Johnson does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005). Even if complete diversity of citizenship exists, the amount in controversy alleged in the State Complaint does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). Nor does Plaintiff's unlawful detainer action raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, Bellflower Courthouse, 10025 East Flower St., Bellflower, CA 90706, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 8/29/12

_____
HONORABLE AUDREY B. COLLINS
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] (...continued) Complaint that has been supplied with the Notice of Removal references numerous Doe defendants. Based on the exhibits attached to the Notice of Removal, it appears that on September 25, 2011, Johnson filed an Answer in the State Action in which Johnson implicitly asserted a claim of right to possession of the subject property. Accordingly, and as it does not alter the outcome of this matter, the Court treats Johnson as a defendant for purposes of removal jurisdiction without definitively determining that she technically qualifies as such. See 28 U.S.C. § 1446(a) (right to remove a case from state to federal court vested exclusively in "the defendant or the defendants").

U.S. Bank National Association v. Edgar Winslow, Sr., et al.
No. CV 12-7163 UA

IT IS RECOMMENDED that the Request to Proceed In Forma Pauperis ("IFP Application") be denied for lack of subject matter jurisdiction.

On August 20, 2012, Artellia F. Johnson ("Johnson") lodged a Notice of Removal ("Notice of Removal") with attached exhibits ("Notice of Removal Ex.") which seeks to remove a complaint filed against named defendants Edgar Winslow, Sr. and Shiela [sic] Winslow ("the Winslows") and several unnamed "Doe" defendants in state court ("State Complaint" or "State Action") by U.S. Bank National Association as Trustee for LXS 2006-16N ("USBNA" or "plaintiff").[1] (Notice of Removal at 1-2, 7). The State Complaint appears to allege a single claim for post-foreclosure unlawful detainer under California Code of Civil Procedure section 1161a. (State Complaint at 1).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441). When a case is removed to federal court there is a strong presumption against federal jurisdiction, and the burden is on the removing defendant to prove that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

This Court recommends that the IFP Application be denied for lack of subject matter jurisdiction.

First, the Notice of Removal does not allege facts sufficient to establish a basis for diversity jurisdiction under 28 U.S.C. § 1332. District courts have original jurisdiction of all civil actions where the matter in controversy (1) exceeds

---

[1] Although the Notice of Removal purports to be filed on behalf of "Defendants[] Edgar Winslow, Sr., Sheila Winslow, and Artellia F. Johnson," it is signed by only Johnson. The State Complaint does not expressly name Johnson as a defendant, but the single page of the State Complaint that has been supplied with the Notice of Removal references numerous Doe defendants. Based on the exhibits attached to the Notice of Removal, it appears that on September 25, 2011, Johnson filed an Answer in the State Action in which Johnson implicitly asserted a claim of right to possession of the subject property. Accordingly, and as it does not alter the outcome of this recommendation, the Court treats Johnson as a defendant for purposes of removal jurisdiction without definitively determining that she technically qualifies as such. See 28 U.S.C. § 1446(a) (right to remove a case from state to federal court vested exclusively in "the defendant or the defendants").

the sum or value of $75,000, exclusive of interest and costs; and (2) is between citizens of different States. See 28 U.S.C. § 1332(a). Here, Johnson fails to satisfy either requirement.

In determining the amount in controversy on removal, a district court considers whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. See 28 U.S.C. § 1446(c)(2); Singer v. State Farm Mutual Auto Insurance Co., 116 F.3d 373, 377 (9th Cir. 1997). Generally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. See 28 U.S.C. § 1446(c)(2); Lewis v. Verizon Communications, Inc., 627 F.3d 395, 399 (9th Cir. 2010) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). Where the complaint alleges damages less than the jurisdictional amount or the amount sought is unclear, a defendant who seeks to remove the case to federal court must show by at least a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. See 28 U.S.C. § 1446(c)(2)(B); see also Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (when complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing that amount in controversy exceeds statutory amount by preponderance of evidence); Lowdermilk v. United States Bank National Ass'n., 479 F.3d 994, 998-1000 (9th Cir. 2007) (holding, in context of Class Action Fairness Act, that where complaint alleges damages less than the jurisdictional amount, a defendant who seeks to remove the case to federal court must show to a legal certainty that the amount in controversy exceeds the jurisdictional minimum holding).

Here, the State Complaint affirmatively alleges that the amount plaintiff demanded for damages was "under $10,000." (State Complaint at 1). Johnson does not assert, and there is no basis to conclude, that such allegation is not made in good faith. Consequently, Johnson has not met her burden of showing by at least a preponderance of the evidence that the jurisdictional amount is satisfied. See Singer, 116 F.3d at 376 ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional threshold] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the threshold], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied.") (citing Gaus, 980 F.2d at 567).

///

Moreover, Johnson fails to make allegations sufficient to satisfy the second requirement of diversity jurisdiction – *i.e.*, that there be complete diversity of citizenship. See 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 67-68 (1996) (federal diversity jurisdiction applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant); Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (Federal diversity jurisdiction requires complete diversity; each of the plaintiffs must be a citizen of a different state than each of the defendants). Neither the Notice of Removal nor the single page of the State Complaint Johnson provided alleges the citizenship of any party. Accordingly, Johnson fails to demonstrate that diversity jurisdiction is appropriate. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); U.S. Bank v. Teratyatstryan, 2012 WL 1535453, *4 (C.D. Cal. Apr. 30, 2012) (finding that "[removing] Defendant's failure to clarify the citizenship of the parties render[ed] the court unable to determine whether [the complete diversity] prerequisite to diversity jurisdiction [was] satisfied" and noting that removed action could be "remanded on that basis alone").

Second, there is no basis for federal question jurisdiction under 28 U.S.C. § 1331. The basis for federal question jurisdiction must appear "on the face of the state court plaintiff's properly pleaded complaint." See Caterpillar Inc. v. Williams, 482 U.S. at 392 (citation omitted); Takeda v. Northwestern National Life Insurance Co., 765 F.2d 815, 822 (9th Cir. 1985) ("The federal question 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'") (quoting Gully v. First National Bank, 299 U.S. 109, 113 (1936)). The only exception is where a state-law claim in a removed complaint is completely preempted by federal law. See Caterpillar Inc. v. Williams, 482 U.S. at 393; Marin General Hospital v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009). In this case, the State Complaint alleges only a claim for post-foreclosure unlawful detainer, a California state law action (Cal. Code Civ. P. § 1161a). See U.S. Bank v. Teratyatstryan, 2012 WL 1535453 at *4 (no federal question raised by complaint asserting only state-law cause of action for post-foreclosure unlawful detainer) (citations omitted); Wescom Credit Union v. Dudley, 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010) ("[A California] unlawful detainer action does not arise under federal law."); Cooper v. Washington Mutual Bank, 2003 WL 1563999, at *2 (N.D. Cal. March 19, 2003) ("An unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction."); see also Gully,

3

299 U.S. at 116 ("By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States[.]"). Moreover, Johnson has not demonstrated that plaintiff's claim is completely preempted by any federal law. See, e.g., Federal National Mortgage Association v. Lemon, 2011 WL 3204344, (C.D. Cal. July 26, 2011) ("no federal statute pre-empts a state unlawful detainer action").

Neither Johnson's defenses in the State Action (*i.e.*, that plaintiff violated Johnson's Fourteenth Amendment rights to due process and equal protection) nor affirmative claims asserted against plaintiff in Johnson's separate state court action (which Johnson has apparently sought to consolidate with the instant State Action)[2] satisfy Johnson's burden to demonstrate that the State Complaint raises a federal question. Removal jurisdiction cannot be based upon a defendant's defenses or counterclaims. See Caterpillar Inc. v. Williams, 482 U.S. at 393 ("[A] case may *not* be removed to federal court on the basis of a federal defense.") (emphasis in original); U.S. Bank National Association v. Beas, 2012 WL 37502, *1 (C.D. Cal. Jan. 6, 2012) ("actual or anticipated federal counterclaim [does not] form a basis for removal") (citing Vaden v. Discover Bank, 556 U.S. 49, 60 (2009)).

The Court further notes that Johnson makes an inadequate showing of indigency as she has failed to respond to question nos. 2b-2f on the IFP Application.

IT IS THEREFORE RECOMMENDED that the IFP Application be denied.

---

[2]The exhibits attached to the Notice of Removal reflect that on or about August 20, 2012, Johnson filed a separate action against USBNA for "Fraud, injunctive relief, and . . . Quiet Title," and moved to have it consolidated with the State Action at issue herein. (Notice of Removal at 4; Notice of Removal Ex. C).

4